**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES E. SMITH**                                                                          **PETITIONER**
**#121300**

**V.**                              **Case No. 5:06CV00313JMM/BD**

**LARRY NORRIS, Director,**                                              **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Judge James M. Moody.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven

(11) days from the date you receive the Recommended Disposition.  A copy will be

furnished to the opposing party.   Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Room A-149
Little Rock, AR 72201-3325

1

II.     **Background**:

Petitioner James Smith was convicted by a jury of two counts of rape for engaging in sexual intercourse with two victims who were both under the age of fourteen.  At trial, Petitioner admitted to having had sex with the victims, but contended they were 18 and 20 at the time and consented.  Petitioner was sentenced to two consecutive twenty-year terms of imprisonment.  Petitioner's trial counsel filed a notice of appeal of his conviction with the Arkansas Court of Appeals.  Stating there was no merit to the appeal, Petitioner's trial attorney filed a brief and motion to be relieved as counsel with the Court of Appeals under *Anders v. California*, 386 U.S. 738 (1967) and Ark. Sup. Ct. R. 4-3(j).  *Smith v. State*, No. CARC02-228, 2003 WL 57416, at *1 (Ark. App. Jan. 8, 2003).  Petitioner's counsel presented a brief listing all of the trial court rulings that were adverse to the Petitioner and explaining why there is no ground for reversal.  Petitioner then filed an eighty-two page,  pro se response arguing insufficient evidence to support the conviction, the state's witnesses were not believable, and ineffective assistance of counsel.  The Arkansas Court of Appeals found the points raised by Petitioner lacked merit and affirmed his conviction.  *Id*. at *3.

Petitioner filed a petition for post-conviction relief with the trial court pursuant to Ark. R. Crim. P. 37.1 claiming ineffective assistance of counsel at trial.  After a hearing, the trial court denied the petition.  Petitioner appealed the denial to the Arkansas Supreme Court.  *Smith v. State*, No. 05-294, 2006 WL 418721 (Feb. 23, 2006).  The Arkansas

Supreme Court affirmed the trial court.  It found no merit to Petitioner's claims that his counsel did not render ineffective assistance by: (1)  failing to investigate Petitioner's accusation that the mother of the victims was motivated by retaliation; (2) failing to object when the victims' mother characterized herself as Petitioner's slave; (3) failing to consult with Petitioner about whether he should have withdrawn his representation based on a minimal working relationship with the victims' mother; (4) failing to seek a continuance to prepare for cross-examination of the State's expert; or (5) apologizing in closing argument for Petitioner's having had sex with the victims.

In this Petition (#2), Petitioner claims he was denied his Sixth Amendment right to effective trial counsel because his trial lawyer: (1) fraudulently concealed material facts and evidence; (2) conspired with the prosecutor to withhold relevant evidence from the jury; (3) presented false evidence to the jury; (4) failed to sufficiently cross-examine the State's witnesses; (5) failed to argue insufficient evidence; and (6) failed to consult with Petitioner about a work-related relationship he had with the victims' mother.  Petitioner also alleges insufficiency of the evidence, prosecutorial misconduct, ineffective assistance of "Rule 37 counsel," and denial of post-conviction due process.

Respondent asserts that all of Petitioner's claims except for the ineffective assistance of trial counsel claim are barred because Petitioner failed to properly present these claims in state court, and Petitioner's ineffective assistance of trial counsel claim was correctly decided by the Arkansas Supreme Court.

3

III.    **Standard of Review**:

A.      Limited Federal Review of Claims Adjudicated in State Court:

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413.

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Siers v. Weber,* 259 F.3d 969, 973 (8th Cir. 2001) (citing *Williams, supra*).  See also, *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (holding that where a state court's application of federal law is challenged, that application "must be shown to be not only erroneous but objectively unreasonable.")  "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error.  Those findings may be set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995) and *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006)).

B.    <u>Limited Federal Review of Claims for Ineffective Assistance of Trial Counsel</u>:

The Sixth Amendment guarantees criminal defendants the effective assistance of counsel at every stage of the proceeding.  "That right is denied when a defense attorney's

performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough,* 540 U.S. at 5 (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984)). Thus, in order to prevail on a habeas corpus claim of ineffective assistance of counsel, a petitioner must show: (1) trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) there is a reasonable probability the outcome of the trial would have been different but for the substandard performance of trial counsel. See *Strickland,* 466 U.S. at 687-94. Furthermore, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew*, 436 F.3d at 1016 (citing *Strickland*, 466 U.S. at 689); see also *Middleton,* 455 F.3d at 845. Stated another way, "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. at 8. Petitioner's current habeas corpus Petition must be analyzed against this legal backdrop.

**IV.**   **Analysis of Petitioner's Claims:**

A.   Sufficiency of the Evidence

Petitioner challenges the sufficiency of the evidence forming the basis of his convictions. Petitioner raised this issue in his direct appeal before the Arkansas Court of Appeals. See *Smith*, 2003 WL 57416 at *1. Thus, the question here is whether this

decision was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of facts.

As interpreted by the United States Supreme Court, the Due Process Clause of the Fourteenth Amendment guarantees that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof--defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  The sufficiency of the evidence review authorized by *Jackson* is limited to "record evidence."  *Herrera v. Collins*, 506 U.S. 390, 401 (1993).

The evidence presented at a trial is constitutionally insufficient to convict only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324.  When making this determination, the reviewing court must view all of the trial evidence in the light most favorable to the state.  *Id*. at 319.  A reviewing court must presume the trier of fact resolved all conflicting inferences in the record in favor of the state and must defer to that resolution.  *Id*. at 326.  It is the responsibility of the trier of fact to reconcile conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Id*. at 319.  A federal habeas court is not permitted to conduct its own inquiry into witness credibility. *Wright v. West*, 505 U.S. 277, 296-97 (1992); *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir.2000).

7

The substantive elements of state crimes are defined by state law.  *Jackson*, 443 U.S. at 324 n. 16.  Under Arkansas law, a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age.  ARK. CODE ANN. § 5-14-103(a)(3)(A).  Petitioner argues there was "NO: Physical Evidence, NO: Medical Evidence, and NO: Lab Evidence" introduced at trial to support his conviction.  However, as the Arkansas Court of Appeals noted, both victims testified that Petitioner committed such acts.  Under Arkansas law, "the testimony of a victim is sufficient to support the conviction."  *Smith*, 2003 WL 57416 at *1 (citing *Pickens v. State*, 347 Ark. 904, 908, 69 S.W.3d 10, 12-13 (2002)).  The legal standard applied by the Arkansas Court of Appeals is not "contrary" to applicable United States Supreme Court law.

Petitioner challenges the credibility and inconsistencies in the testimony of the state's witnesses by attaching documents to his petition that were not admitted at trial. However, when evaluating a sufficiency of the evidence claim, the Court may not review evidence that was never presented to the jury when making a determination of the sufficiency of the evidence.  *Herrera*, 506 U.S. at 402.

Petitioner also claims that because of conflicting evidence introduced at trial, the jury should not have believed the state's witnesses.  However, credibility is for the jury to decide.  Upon review of the evidence presented to the jury, the Court must presume the

8

jury resolved any conflicting inference in favor of the prosecution. *Gibbs v. Kemna*, 192 F.3d 1173, 1176 (8th Cir. 1999).

After reviewing the trial evidence in the light most favorable to the prosecution, the Court believes a rational trier of fact could have found, beyond a reasonable doubt, the elements of the charge of rape as to both victims. Accordingly, the Court recommends Petitioner's sufficiency of the evidence claim be dismissed.

B.    Ineffective Assistance of Counsel

For his second Constitutional error, Petitioner claims his trial lawyer's performance was constitutionally deficient. In his Rule 37 post-conviction petition, Petitioner argued his trial counsel was ineffective for: (1)  failing to investigate Petitioner's accusation that the mother of the victims was motivated by retaliation; (2) failing to object when the victim's mother characterized herself as Petitioner's slave; (3) allegedly failing to consult with Petitioner about whether he should have withdrawn his representation based on a minimal working relationship with the victims' mother; (4) failing to seek a continuance to prepare for examination of the State's expert; and (5) apologizing in closing argument for Petitioner's having had sex with the victims as adults. The trial court held an evidentiary hearing on the Rule 37 petition, and Petitioner was represented at the hearing by separate appointed counsel. *Smith*, 2006 WL 418721 at *1, Petition (#2) at p. 182. The trial court denied his petition. *Id*.

On appeal to the Arkansas Supreme Court, Petitioner claimed ineffective assistance of trial counsel based on counsel's alleged failure to investigate, failure to object to the victims' mother, Ms. Love, referring to herself as Petitioner's slave, and failure to consult with Petitioner about whether he should have withdrawn his representation based on a minimal working relationship with the victims' mother. The Arkansas Supreme Court set forth the *Strickland* standard and then analyzed each of Petitioner's claims. *Smith*, 2006 WL 418721 at *1. Petitioner raises only two of those claims in this habeas petition. First, Petitioner alleges that trial counsel failed to investigate allegations that Ms. Love stole juvenile court documents, and second, that counsel should have consulted with him about his "relationship" with Ms. Love.

      1.    *Failure to Investigate*

The Arkansas Supreme Court noted that Petitioner's trial counsel testified at the Rule 37 hearing that he investigated Petitioner's claims that Ms. Love stole juvenile court documents, but he did not investigate certain potential witnesses or obtain the juvenile court documents because he did not believe the allegations "would provide a basis for a meritorious defense" against the charge of raping the daughters. *Id*. at *3. The court also noted that Petitioner's counsel did ask Ms. Love on cross-examination whether she offered to have the victims drop their charges against Petitioner in exchange for Petitioner's dropping criminal charges against Ms. Love. *Id*. at *3-4. The court concluded that even if the testimony Petitioner sought had been admitted into evidence,

Petitioner failed to show it would have changed the outcome of the trial. *Id*. The court's findings of fact and conclusions are imminently reasonable. Accordingly, the Court recommends dismissal of Petitioner's failure to investigate claim.

    2.   *Failure to Consult*

Petitioner claims his trial attorney was "a friend of the two allege victims' mother" and, because of the alleged friendship, trial counsel fraudulently concealed material evidence that would have damaged the credibility of the state's witnesses. He also contends that his trial counsel conspired with the prosecutor to withhold relevant evidence and to give false evidence to the jury, and that his lawyer failed to sufficiently cross-examine the State's witnesses. (Petition (#2) at p. 132)

At the Rule 37 hearing, trial counsel testified that prior to the trial, he told Petitioner that as city attorney he knew Ms. Love, who worked in the juvenile court office, but did not characterize their passing professional relationship as a friendship. *Smith*, 2006 WL 418721 at *5. Trial counsel later discussed this issue with the trial judge and the prosecutor and reported to Petitioner that the judge did not see a problem with his continuing representation. *Id*. The Arkansas Supreme Court found that while trial counsel should have had conversations with the trial judge, prosecutor and Petitioner about this issue on the record, the Petitioner failed to establish that he could not have raised his concerns during the trial or that the professional relationship counsel had with

the victims' mother had a detrimental effect on counsel's ability to represent Petitioner or

that Petitioner was prejudiced by the alleged conflict.  *Id*. at *6.

    After reviewing the record, there is nothing in it to rebut the state court's factual

findings that Petitioner was fully informed of the alleged conflict prior to trial and could

have raised the issue at trial.  Further there is nothing in the record to rebut the state

court's finding that the alleged "friendship" did not prevent counsel from mounting a

proper defense.  These findings are entitled to a presumption of correctness, and there is

no basis for habeas corpus relief on this ground.

C.    Procedurally Defaulted Claims

    In addition to the insufficient evidence and ineffective assistance of counsel claims

discussed above, Petitioner brings claims of prosecutorial misconduct, ineffective

assistance of Rule 37 counsel, and denial of due process.  Respondent argues that all of

Petitioner's remaining claims are barred by procedural default.  Petitioner claims he

presented the same "legal theories and factual basis to the state court" he is now

presenting in this Petition.  (Petitioner's Reply (#15) at p. 6)

    Before seeking federal habeas review, a state prisoner must first fairly present the

substance of each claim to each appropriate state court, thereby alerting those courts to

the federal nature of his claims and giving them an opportunity to pass upon and correct

any constititional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see 28 U.S.C. §

2254(b) and (c).  "[A] federal habeas petitioner's claims must rely on the same factual

and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th

Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir.2006); *Osborne v.*

*Purkett*, 411 F.3d 911, 919 (8th Cir.2005)).  Claims in a federal habeas petition not

presented in the state court proceedings and for which there is no remaining state court

remedy are defaulted, and a habeas petitioner's default will be excused only if he can

"demonstrate cause for the default and actual prejudice as a result of the alleged violation

of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman v.  Thompson*, 501 U.S. 722, 750, 111

S.Ct.  2546, 2565 (1991).  If no cause has been shown, the prejudice element need not be

addressed.  *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).  In this case, the remaining

claims raised by Petitioner were not raised in his Rule 37 Petition or in his appeal to the

Arkansas Supreme Court and should be considered defaulted unless he can show cause

and prejudice or actual innocence.

     1.    *Cause for Default*

     The cause and prejudice standard applies to procedural defaults on appeal as well

as at trial.  *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986).  Under this

standard, cause is established when "some objective factor external to the defense

impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477

U.S. at 488.

As cause for his default in this case, Petitioner claims his trial and post-conviction counsel were constitutionally ineffective, and his trial counsel conspired with prosecutors to withhold evidence from the trial court prohibiting him from being able to raise issues on direct appeal.  (Petitioner's Reply (#15) at pp. 7-9)  Further, he claims his post-conviction counsel "refused to subpoena the petitioner's pro se brief depriving the petitioner of a fair Rule 37 hearing and failing to present the factual evidence he had within his — possession."  (Petitioner's Reply (#15) at p. 7)

As to the inadequacies of his trial counsel, they cannot excuse Petitioner's default because the ineffectiveness claims were either defaulted or are without merit for the reasons stated above.  See *Murray*, 477 U.S. at 488, 106 S.Ct. 2639 (holding that ineffective assistance of counsel cannot be cause "so long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland").

Petitioner also argues that when his trial counsel filed an *Anders* brief on his direct appeal, and he was forced to file a pro se brief, his "pro se brief was barred from being considered on direct appeal" and he was denied a "fair hearing in state court." (Petitioner's Reply (#15) at pp. 4, 6-7)  Even assuming all of Petitioner's allegations are true, any alleged ineffectiveness of his post-conviction attorney cannot constitute cause. *Interiano*, 471 F.3d at 856-57.   Further, "infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . .  Errors

or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir.1981); see also *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir.1997).  An attack on the constitutionality of procedures employed in state post-conviction proceedings does not test the legality of a conviction or sentence under 28 U.S.C. § 2254(a).

 2. *Miscarriage of Justice*

 Petitioner also invokes the actual innocence exception to the cause-prejudice requirement.  Under this exception, a petitioner may overcome procedural default by showing that failure to hear his petition will result in a miscarriage of justice.  To establish a miscarriage of justice, Petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996).  This exception is concerned only with claims of actual innocence, not legal innocence.  *Id*.  A claim of actual innocence requires that petitioner "support his allegation of constitutional error with new reliable evidence." *Id*.  (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)).  Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.  *Id*.

 In support of his claim of actual innocence, Petitioner points to the following: (1) handwritten testimonies of the victims; (2) the police report; (3) deposition testimony of

the victims; (4) allegedly stolen juvenile court documents; and (5) insurance documents relating to a fire at Ms. Love's home.  Petitioner claims the handwritten testimonies, police report, and deposition testimony establish inconsistencies in the victims' testimony that proves his innocence.  Petitioner claims the juvenile court documents and insurance papers establish that the victims and their mother fabricated their claims in an attempt to prevent Petitioner from revealing their crimes to the authorities.  None of this evidence is new evidence of actual innocence.  Certainly all of this evidence was available to Petitioner at the time of trial but was not presented at trial.  The later procurement of evidence supporting his defense theory does not make it "new" for purposes of the actual-innocence exception.  *Osborne v. Purkett*, 411 F.3d 911, 919-20 (no "new" evidence where affidavit was based on information existing at time of trial, which could have been discovered earlier if pursued with diligence).  Petitioner has not come forward with new evidence of actual innocence in order to overcome his procedural defaults.  Thus, the Court recommends that his petition be dismissed.

**IV.**    <u>**Conclusion**</u>

The Court recommends Petitioner's petition for writ of habeas corpus (#2) be dismissed with prejudice.

DATED this 3rd day of August, 2007.

_____
U. S. MAGISTRATE JUDGE